# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

Kuhfahl                                              Civil Action No. 18-00070

versus                                               Unassigned District Judge

DJO LLC a/k/a DJO Global Inc,                        Magistrate Judge Carol B. Whitehurst
et al

## Report and Recommendation

Before the Court is an unopposed[1] Motion To Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendant, DJO, LLC ("DJO")[2] [Rec. Doc. 9]. DJO contends that because it is a medical device manufacturer and Louisiana state law does not recognize Plaintiff's claims of negligence and malpractice against a medical device manufacturer, it should be dismissed. The Court agrees and recommends that the claims against DJO be dismissed.

*I. Factual and Procedural Background*

Plaintiff, Lisa Kuhfahl, underwent a right knee arthroplasty on November 16, 2016, at Our Lady of Lourdes Regional Medical Center. *R.1-2,¶ 3*. Dr. Harold Granger implanted the knee device, which Plaintiff alleges DJO manufactured. *Id.*

---

[1] Under Local Rule 7.5, a party's failure to file a response to a motion within the time allowed for (21 days) is construed as non-opposition to the motion. Any opposition to DJO's motion was due by February 23, 2018.

[2] Defendant states that it was incorrectly identified as "DJO LLC a/k/a DJO Global, Inc." *R. 9-1*.

Following surgery, Dr. Granger informed Plaintiff's sister that Plaintiff had child-sized bones and that the knee device he used was too big. *Id., ¶ 4*. Plaintiff's sister asked Dr. Granger why he did not use the proper-sized prosthesis, and he stated that he used what he had. *Id. ¶ 5*.

On August 15, 2017, Plaintiff underwent a right knee revision (repair) at Lafayette General Medical Center. Dr. Scott Yerger performed the revision surgery. *Id., ¶22* . Plaintiff filed a medical malpractice action against Dr. Granger, DJO, LLC a/k/a DJO Global, Inc., and Zimmer Biomet with the Louisiana Commissioner of Administration on November 13, 2017. *Id. ¶ 35*. On November 30, 2017, Plaintiff's counsel received a letter from the Louisiana Patient's Compensation Fund which stated that neither DJO, LLC a/k/a DJO Global, Inc. nor Zimmer Biomet were qualified healthcare providers under the provisions of the Louisiana Medical Malpractice Act. *Id. ¶36*. Plaintiff's administrative action is pending as to Dr. Granger

On January 19, 2018, Plaintiff, filed this action against DJO alleging that DJO manufactured a prosthetic knee (the"knee device") which Dr. Granger implanted in Plaintiff's right knee in November 2016. *R. 1-2, ¶ 29*. Plaintiff alleges that DJO did not provide Dr. Granger with a correctly sized device and therefore Dr Granger used an oversized device for Plaintiff's unusually small anatomy.

Specifically, Plaintiff alleges DJO is responsible for the negligent acts of its

2

representatives, employees or agents acting on its behalf. *Id.,¶ 30*. She alleges that DJO failed to properly train, supervise and/or provide oversight to its representatives, employees or agents which led to Dr. Granger not being adequately advised as to Plaintiff's surgery. *Id, ¶¶31-32*. As noted above, Plaintiff also filed medical malpractice claims against DJO. *Id.,¶ 35*. She states she was advised, however, that DJO was not qualified under the Louisiana Medical Malpractice Act, La. R.S. 40:1237.2. *Id., ¶ 36*. Plaintiff prays for judgment against DJO for the harm she suffered as a result of the negligence and malpractice alleged. *Id.*

## *II. Rule 12(b)(6) Standard*

In deciding a Rule 12(b)(6) motion to dismiss, a court generally "may not go outside the pleadings." *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993). Courts must also accept all allegations in a complaint as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, courts do not have to accept legal conclusions as facts. *See id.* Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive such a motion. *See id.* at 678-679. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be graned. *See id.* Such a dismissal ends the case "at the point of minimum expenditure of time and money by the parties and the court." *Bell Atlantic v. Twombly*, 550 U.S. 544, 558 (2007).

*III. Analysis*

It is undisputed that DJO is a medical device manufacturer and does not design, manufacture or sell prosthetic knee devices.[3] DJO asserts it is entitled to the dismissal of Plaintiff's case because claims against a medical device manufacturer must be brought exclusively under the Louisiana Products Liability Act ("LPLA"). The LPLA contains an exclusive remedy provision which states "[a] claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set forth in" the LPLA. La.R.S.§ 9:2800.52.

To establish a manufacturer's liability under the LPLA, a claimant must establish four elements: (1) that the defendant is a manufacturer of the product; (2) that the claimant's damage was proximately caused by a characteristic of the product; (3) that this characteristic made the product "unreasonably dangerous;" and (4) that the claimant's damage arose from a reasonably anticipated use of the product by the claimant or someone else. *See* La. R.S. §9:2800.54(A).

Here, Plaintiff's theories of recovery are based on allegations of negligence and/or medical malpractice. Plaintiff's Complaint contains no allegations asserting any claim(s) under the LPLA, much less any of the four elements required to establish

---

[3] DJO represents that Encore Medical, LP, d/b/a DJO Surgical is the only DJO related entity that designs, manufactures or sells prosthetic knee devices.

a manufacturer's liability under the LPLA.

Louisiana law is clearly established that the Legislature intended the LPLA to be the exclusive remedy against drug and product manufacturers. *See i.e., Reynolds v. Bordelon*, 172 So. 3d 607, 612 (La., 2015) ("The plaintiff's case arises under the LPLA, which provides the exclusive theories under which a plaintiff can pursue a claim against a manufacturer for an alleged product defect."); *Payne v. Gardner*, 56 So.3d 229, 231 (La.,2011) (A "plaintiff's exclusive remedy against [a manufacturer] sounds in products liability as governed by the Louisiana Products Liability Act."); *accord Johnson v. Teva Pharmaceuticals USA, Inc.*, 758 F.3d 605, 616 (5th Cir. 2014) ("the LPLA provides [plaintiff's] exclusive remedy").

Thus, "neither negligence, strict liability, nor breach of express warranty is any longer viable as an independent theory of recovery against a manufacturer." *Jefferson v. Lead Industries Ass'n, Inc.*, 106 F.3d 1245, 1251 (5th Cir. 1997). "[A]llegations of negligence, fraud by misrepresentation, market share liability, breach of implied warranty of fitness and civil conspiracy fail to state a claim . . . under the LPLA." *Id*. at 1252. Similarly, "both federal and Louisiana courts have read the Act's exclusive remedy provision to prevent plaintiffs from bringing intentional tort claims." *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 262 (5th Cir. 2002). Plaintiff's claims founded in negligence against DJO as a product manufacturer must be

dismissed.

Additionally, Plaintiff's allegations as to medical malpractice do not apply to DJO. Louisiana's Medical Malpractice Act applies to determine whether conduct by a *qualified healthcare provider* constitutes "malpractice." *Coleman v. Deno*, 813 So. 2d 303 (La. 2002) (citing La. R.S. § 40:1299.41A(7), 40:1299.42). Plaintiff represents in her Complaint that, on November 30, 2017, Plaintiff's counsel was advised by the Louisiana Patient's Compensation Fund that DJO was not qualified under the Louisiana Medical Malpractice Act, La. R.S. 40:1237.2. *R. 1-2, ¶ 36.* Accordingly, as conceded by Plaintiff, her medical malpractice claims can not apply to DJO.

## *V. Conclusion*

Based on the foregoing, the undersigned therefore recommends that the unopposed 12(b)(6) Motion To Dismiss filed by defendant, DJO, LLC [Rec. Doc. 9] be GRANTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

**THUS DONE AND SIGNED** in Lafayette, Louisiana this 19th day of March, 2018.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE